IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BART A. KENNEDY                                                                                             PLAINTIFF
ADC #119503

V.                                            5:16CV00363 JLH/PSH

WENDY KELLEY *et al*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Relevant Facts

Plaintiff Bart A. Kennedy, an inmate at the Arkansas Department of Correction's Cummins Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 2, 2016. The allegations of Kennedy's complaint, in their entirety, are as follows:

While housed at the Ouachita River Correction Unit, Housing Location Barrack

1

> #10/Cell#11-upper.  On the date of 9-7-16, I didn't receive any of my psychotropic medication for the A.M. or the P.M. Pill Call.
>
> This medication having an alternating effect on my perception and Behavior, At the present time is taken for schizophrenia.
>
> The personal effects was extream nervousness Paranoia and Hyperventilation which results in the loss of carbon dioxide from the Blood.  Not having my Psychotropic Medication as Proscribe by My doctor is a Danger to my Mental State.
>
> I have Experenced Extreme Emotional distress, a Highly unpleasant Mental reaction, such as Anguish, grief, fright, humilation or fury.  That resulted from the conduct of the A.D.C. Health And Correction Service Medical Staff that is contracted through the A.D.C.

*See* Doc. No. 2.  Kennedy seeks $250,000.00 in compensatory and punitive damages.

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must

contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Analysis

Kennedy in essence asserts he was denied adequate medical care. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Kennedy's entire complaint is based on a single day he did not receive his psychiatric medication. Although such a situation is not ideal, courts have held that occasionally missed medication doses do not rise to the level of a constitutional violation. *See Zentmeyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir.2000)(the occasional missed dose of medicine, without more, does not violate the Eighth Amendment); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir.1987)(inmate with

heart condition missed a morning dose of medication; no showing that this was an instance of callous disregard in the face of a pressing medical emergency), *cited in Stills v. Richter*, 2015 WL 9999575, (W.D. Ark. 2015)(Marschewski, M.J., recommendation adopted by Brooks, J., at 2016 WL 450466). *See also Ervin v. Busby*, 992 F.2d 147 (8th Cir. 1993)(approximately one month delay in receiving anti-depressant medication not a constitutional violation); *Mayweather v. Fote*, 958 F.2d 91 (5th Cir. 1992)(occasionally missed doses of medication "fall far short" of establishing deliberate indifference). Kennedy has described at most negligence, which, as discussed above, is not actionable. Accordingly, Kennedy's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff Bart A. Kennedy's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.   This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 6th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE